WOLF, J.,
concurring.
We should not worship at the temple of “bright line rules.” The justifications for stringent, ritualistic compliance with rules and enforcement by mandated reversal in all cases where rules are not followed are overall fairness, consistency and ease of administration by appellate courts. These general considerations should not override the court’s responsibility to reach the appropriate result in individual cases. Inflexible and blind adherence to bright line rules has too many times resulted in illogical or unjust results.
While I concur with Judge Webster that compliance with Florida Rule of Criminal Procedure 3.172(g) results in certainty and order in the legal process, failure to utter the “magic words” should not result in an automatic leave to withdraw from a plea agreement. The trial court’s failure to follow the formalistic requirements of the rule should only be one factor (albeit an important one) in determining whether to allow a defendant to withdraw a freely and voluntarily entered plea.
In the instant case, the reversal mandated by following the “bright line rule” is illogical and inequitable. I, therefore, concur in Judge Thomas’s invitation to the supreme court to revisit the issue of mandated reversal.